CHESTER P. BRADLEY *et al.*, appellants, *v.* ISAAC N. MORRIS, appellee.

*Appeal from Hancock.*

Although it has been held that the endorser of a negotiable instrument shall not be admitted as a witness to prove that it was void *ab initio*, yet he is invariably allowed to testify against the recovery of the holder, by proving that it has been discharged by payment or otherwise.

Where a negotiable instrument is endorsed, "without recourse," the endorser may be a witness to prove that it was void in its inception.

No principle is better settled, than that every material averment in a declaration must be sustained by proof, to entitle the plaintiff to recover.

Where a suit was brought upon a contract for lumber, to be delivered upon the opening of the navigation of the Mississippi river, in the spring of 1839, and the declaration averred the opening of the navigation: *Held,* that it was necessary for the plaintiff to sustain the averment by proof.

The law recognises only instruments of writing for the payment of money, as coming under the denomination of bills of exchange.

An order, payable in lumber, though in the form of a bill of exchange, is not one, nor are the rules governing the rights and obligations of parties to such an instrument, applicable to it.

THIS cause was heard in the Court below, at the September term, 1839, before the Hon. Peter Lott and a jury.

A. WILLIAMS and C. WALKER, for the appellants.

O. H. BROWNING, M. McCONNEL, and J. A. McDOUGALL, for the appellee.

WILSON, Chief Justice, delivered the opinion of the (old) Court:

This action was brought on two instruments of writing, one a note for $225, and the other an accepted order for $450, payable in lumber, to be delivered at Quincy, on the opening of the navigation of the Mississippi river, in the spring of 1839. Verdict and judgment were rendered in favor of the plaintiff below, for $697, and costs. To reverse the judgment, the defendants below assign for error the rejection by the Court of the testimony of Warren, (who had endorsed the note) who was offered to prove the payment thereof; and the opinion of the Court in deciding that it was unnecessary for the plaintiff to sustain, by proof, the averment in the declaration, as to the opening of the navigation of the Missis-

sippi river, in the spring of 1839 ; and also in overruling the de-- fendants motion for a new trial.

All these exceptions to the opinions of the Court are well taken. The testimony of Warren was improperly rejected, although it has been held that an endorser of a negotiable instrument, shall not be admitted as a witness to prove it was void *ab initio,* yet he is invariably allowed to testify against the recovery of the holder, by proving that it has been discharged by payment, or otherwise. In this case, however, there was no objection to the testimony of Warren, even if it had gone to the foundation of the note, because he had endorsed the note without recourse. His testimony, therefore, could not be objected to, upon the ground of policy, because his endorsement gave no additional currency or security to the note ; nor was it liable to objection upon the score of interest. His endorsement being without recourse, he could neither gain nor lose by the event of the suit, nor indeed incur any liability in any event.

No principle is better settled, than that every material averment in a declaration must be sustained by proof, to entitle the plaintiff to recover. That the averment as to the opening of the navigation of the Mississippi in the spring of 1839, was a material one, admits of no question. It was only upon the happening of this contingency, that by the terms of the order, the lumber was to be delivered. It would be too absurd to contend that the Court or jury could judicially take notice of the time of the happening of this event ; and as it was a fact essential to the plaintiff's right of recovery, the proof of it was indispensable.

For these errors of the Court below, in rejecting the evidence offered by the defendant, and in dispensing with that which was indispensable to the plaintiff's right of recovery, the judgment must be reversed ; but as it is necessary for the case to be remanded, for further adjudication, it may be proper to notice some other questions that have been raised. The order for the $450 in lumber, it is contended, is a bill of exchange, and should be governed by the rules applicable to such instruments of writing. It is true that it is in the form of a bill of exchange, and by statute is made transferable by endorsement or assignment ; but here the analogy ends. The statute has not declared it to be a bill of exchange, and the law recognises instruments of writing for the payment of money only as coming under this denomination. As this order, therefore, is not for the payment of money, but for the delivery of lumber, to the value of a specified sum, it cannot be regarded as a bill of exchange ; nor are the rules governing the rights and obligations of parties to such instruments, applicable to it.

The judgment is reversed with costs, and the cause remanded.

*Judgment reversed.*